UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STACEY DEATON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:15-cv-1089 |
| | ) |
| ST. VINCENT HOSPITAL AND | ) |
| HEALTH CARE CENTER, INC., | ) |
| | ) |
| MARK ADKINS, | ) |
| | ) |
| and | ) |
| | ) |
| DAVE SIDOR, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Stacey Deaton, by counsel, files her Complaint and Demand for Jury Trial against Defendants St. Vincent Hospital and Health Care Center, Inc., Mark Adkins, and Dave Sidor, for violating Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., and Section 504 of the Rehabilitation Act of 1974 ("RA"), 29 U.S.C. § 794(a).

**I. Parties, Jurisdiction and Venue**

1. Plaintiff Stacey Deaton ("Deaton"), is a citizen of the United States and, at all times relevant to this action, resided in Indianapolis, Indiana, within the geographical boundaries of the Southern District of Indiana.

2. At all times relevant to this action, Deaton is, and has been, a qualified individual with a disability, as that term is used in the ADA and the RA, suffering from Attention Deficit Disorder and Anxiety which substantially limit her in the major life activity of learning.

3.      Defendant St. Vincent Hospital and Health Care Center, Inc. is, and at all times relevant to this action has been, an Indiana non-profit corporation, which has provided courses and examinations in medical radiography through its St. Vincent Radiography Program ("SVRP").

4.      At all times relevant to this Complaint, Mark Adkins ("Adkins") and Dave Sidor ("Sidor") were employed by St. Vincent as instructors in the SVRP.

5.      The SVRP is a "program or activity receiving Federal financial assistance" as that term is defined in 29 U.S.C.A. § 794.

6.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117.  All events giving rise to this action occurred in within the geographic boundaries of the Southern District of Indiana, making venue proper in this Court.

## II.  Factual Allegations

7.      Deaton entered the SVRP in August 2014.  There were four other students in her section.

8.      Adkins and Sidor were Deaton's instructors during her tenure at SVRP.

9.      At all times relevant to this Complaint, Deaton has suffered from Attention Deficit Disorder ("ADD"), as well as Anxiety.

10.     While taking preparatory courses at Ivy Tech Community College, Deaton had been taking medication to help her manage her Anxiety.  She discontinued the medication after completing her general course work due to the expense, and because she did not require the medication when she was not attending school or work at the time.  However, she resumed taking her medication at the time she started the SVRP.

11.     Additionally, Deaton's instructors allowed her extra time when needed on examinations.

12. The SVRP requires that all students to receive a score of at least 85% on each test.

13. Students have a maximum of three attempts to achieve the required score.

14. After failing her August 14, 2014, test, Deaton met with Mark Adkins, her instructor in Anatomy and Physiology.

15. Deaton informed Adkins of her ADD and anxiety issues, and requested additional time on the tests as a reasonable accommodation for her disability.

16. Although Adkins told Deaton that he had a daughter who had ADD, specifically mentioning the medicine she took, Adkins refused to allow Deaton extra time on the tests, telling her that "we don't do extra time in this program."

17. Subsequently, Deaton failed four of the five examinations in her Anatomy and Physiology class.

18. Deaton also failed four of five tests in her Introduction to Radiology class. Adkins was also the instructor for that class.

19. A week later, when Deaton took the second test, Adkins told her that "this was a really easy test. I can't see how you got so many wrong."

20. When Deaton started the clinical portion of the training program, her clinical coordinator was David Sidor.

21. The first week of clinical rotations, Sidor told Deaton that "any idiot could figure this out."

22. Throughout Deaton's time in the clinical rotations, Sidor often refused to communicate with Deaton.

23. Moreover, Sidor subjected Deaton to treatment that was far less favorable than those afforded to similarly-situated students who were not disabled.

24. For one quiz that was being given, Sidor individually rounded up the other students, *except* for Deaton. Deaton did not learn about the quiz until one of her classmates asked Deaton where she had been for the quiz.

25. When students were given passwords to access necessary records, each student was handed a slip of paper with the password on it. When Deaton attempted to enter her password, it would not go through.

26. Sidor instructed Deaton to enter her social security number in a cellphone, and then told her he would get back to her when it was corrrected.

27. Through the end of August 2014, Deaton was unable to enter any information in the computer, because she still did not have a passwords.

28. After the first clinical examination, Sidor took Deaton to his office and told her how badly she had done. When Deaton told Sidor that he frightened her, Sidor responded by telling Deaton, "I'm not even talking to a person, right now."

29. Sidor also told Deaton, on another occasion, "there's not a pill out there that will help you academically."

30. On October 7, 2014, Deaton was dismissed from the SVRP.

### III. Legal Allegations

**Count One: Disability Discrimination by Adkins and SVRP**

31. Plaintiff restates each and every allegation in paragraphs one (1) through thirty (30) as though fully set forth herein.

32. As a disabled individual, Deaton had a right under the ADA to be free from discrimination on the basis of her disability, and to have her examinations given in a place and manner accessible to a person with her disability, or be made accessible through alternative means.

33. By denying Deaton extra time for her tests, Adkins discriminated against Deaton by refusing to make her examinations available in a manner accessible to her, in violation of the ADA.

34. Adkins is an agent of the SVRP, and SVRP is responsible for Adkins' actions.

35. Adkins and SVRP acted intentionally, willfully, and/or with deliberate indifference to Deaton's rights under the ADA.

36. As a proximate result of Adkins' and SVRP's unlawful actions, Deaton suffered damages, including but not limited to, financial loss, stress, anxiety, and emotional distress.

### Count Two: Violation of the Rehabilitation Act by SVRP

37. Plaintiff restates each and every allegation in paragraphs one (1) through thirty-six (36) as though fully set forth herein.

38. The RA provides that no otherwise qualified individual with a disability in the United States shall, solely by reason of her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. 29 U.S.C.A. § 794.

39. Deaton is an otherwise qualified individual with a disability.

40. The SVRP is a program or activity receiving federal assistance.

41. Adkins is an agent of the SVRP, and SVRP is responsible for his actions.

42. By refusing to allow Deaton extra time on the tests, Adkins and the SVRP denied Deaton equal access to the SVRP and/or subjected Deaton to discrimination solely on the basis of her disability.

43. The actions of Adkins and the SVRP constitute a violation of the Rehabilitation Act.

44. Adkins and the SVRP acted intentionally and/or with deliberate indifference to Deaton's rights under the Rehabilitation Act.

45. As a proximate result of Adkins' and SVRP's unlawful actions, Deaton suffered damages, including but not limited to, financial loss, stress, anxiety, and emotional distress.

### Count Three: Disability Discrimination by Sidor and SVRP

46. Plaintiff restates each and every allegation in paragraphs one (1) through forty-five (45) as though fully set forth herein.

47. Sidor's actions toward Deaton were sufficiently severe or pervasive that they created a hostile learning environment for Deaton, based on her disability, and therefore constitute discrimination on the basis of Deaton's disability, in violation of the ADA.

48. Sidor is an agent of the SVRP, and SVRP is responsible for his actions.

49. Sidor's and SVRP's actions were intentional, willful, and/or done in reckless disregard to Deaton's ADA rights.

50. As a proximate result of Sidor's and SVRP's unlawful actions, Deaton suffered damages, including but not limited to, financial loss, stress, anxiety, and emotional distress.

### Count Four: Violation of the Rehabilitation Act by SVRP

51. Plaintiff restates each and every allegation in paragraphs one (1) through fifty (50) as though fully set forth herein.

52. The RA provides that no otherwise qualified individual with a disability in the United States shall, solely by reason of her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.  29 U.S.C.A. § 794.

53. Deaton is an otherwise qualified individual with a disability.

54. The SVRP is a program or activity receiving federal assistance.

55. Sidor is an agent of the SVRP, and the SVRP is responsible for his actions.

56. Sidor's and SVRP's actions were sufficiently severe or pervasive to create a hostile learning environment for Deaton, which denied Deaton equal access to the SVRP and/or subjected Deaton to discrimination solely on the basis of her disability, in violation of the Rehabilitation Act.

57. Sidor and the SVRP acted intentionally and/or with deliberate indifference to Deaton's rights under the Rehabilitation Act.

58. As a proximate result of Sidor's and SVRP's unlawful actions, Deaton suffered damages, including but not limited to, financial loss, stress, anxiety, and emotional distress.

### IV. Relief Requested

59. Deaton requests the Court to enter judgment in her favor and to:

60. Order the Defendants, jointly and severally, to reimburse her for the financial losses she suffered as a proximate result of the Defendants' violation of the ADA and/or Rehabilitation Act;

61. Order the Defendants, jointly and severally, to pay her compensatory damages in an amount sufficient to make her whole for the stress, anxiety, and emotional distress caused by Defendants' intentional violation of the ADA and/or Rehabilitation Act;

62. Order Defendants, jointly and severally, to pay punitive damages for their intentional, willful, and/or reckless violation of Deaton's ADA and Rehabilitation Act rights;

63. Order the Defendants, jointly and severally to pay pre- and post-judgment interest on all sums awarded;

64. Order the Defendants, jointly and severally, to pay her reasonable attorney fees and costs of litigating this action; and

65. Order all Defendants, jointly and severally, to provide any and all other legal or equitable relief to which the Deaton may be entitled.

-8-

## V. Demand for Jury Trial

Plaintiff Stacy Deaton, by counsel, demands a trial by jury on all issues so triable.

Respectfully submitted,

*s/ Jay Meisenhelder*
Jay Meisenhelder, Atty. No. 19996-49
Employment & Civil Rights Legal Services
8206 Rockville Road, Box 322
Indianapolis, IN 46214
Office Telephone: 317/704-2414
Facsimile: 317/704-2410
Email: jaym@ecrls.com
Attorney for Plaintiff